NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231123-U

NO. 4-23-1123

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| DARRELL J. HARRIS, | ) | No. 23CF1038 |
|     Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

_____

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Turner and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Darrell J. Harris, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023).

¶ 3    On appeal, defendant argues this court should overturn the circuit court's decision because (1) the State did not charge him with a detainable offense, (2) the State failed to prove

by clear and convincing evidence it was evident he committed the charged offenses, (3) the State failed to prove by clear and convincing evidence he posed a real and present threat to the safety of any person or persons or the community, (4) the State failed to prove by clear and convincing evidence that no conditions could mitigate that threat, (5) the circuit court erred in finding no conditions would reasonably assure defendant's appearance at later hearings or prevent him from being charged with a subsequent felony or misdemeanor, (6) he was denied a fair hearing prior to his detention, and (7) the circuit court's decision "was not sufficiently individualized." We affirm.

¶ 4                                    I. BACKGROUND

¶ 5             On October 7, 2023, the State charged defendant with aggravated battery, a Class 2 felony (720 ILCS 5/12-3.05(d)(4) (West 2022)), and two counts of domestic battery, both Class A misdemeanors (720 ILCS 5/12-3.2(a)(1)-(2) (West 2022)). On October 10, 2023, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged defendant was charged with a qualifying offense and his pretrial release posed a real and present threat to the safety of victim of the alleged offense, Aziana Scott, who was defendant's sister (725 ILCS 5/110-6.1(a)(1), (4) (West 2022)). The State asked the circuit court to impose a no contact order between defendant and Scott. See 725 ILCS 5/110-6.1(m)(2) (West 2022).

¶ 6             Prior to the detention hearing, the circuit court found a *bona fide* question existed regarding defendant's fitness to stand trial and granted defense counsel's motion to appoint an expert to perform a fitness evaluation. During a probable cause hearing, defendant repeatedly interrupted both defense counsel and the court with incoherent outbursts, and security removed defendant from the courtroom. Defendant appeared in subsequent hearings remotely via

videoconference technology, and the court was forced to mute defendant to prevent him from constantly interrupting and derailing the proceedings. A determination regarding defendant's fitness had not been made when the detention hearing was held.

¶ 7 At the beginning of the detention hearing, defense counsel objected, arguing it was improper to conduct the hearing while defendant was unable to aid in his defense and the fitness evaluation had not yet been conducted. The circuit court denied the objection, finding it would not be proper to release or detain defendant without conducting a hearing to examine the merits of either possibility. The court also found it was necessary for defendant to attend the hearing remotely, rather than in person, due to his conduct in previous hearings and for the health and safety of those present.

¶ 8 According to the State's proffer, law enforcement responded to a "remove subject" call at defendant's address in the early hours of October 7, 2023. When the officers arrived, defendant was shouting incoherently and refused to open the door. Defendant's mother let them into the residence through a back entrance. Officers spoke with defendant's mother and Scott, who informed them defendant had been "throwing things around the apartment." When defendant attempted to yank a television off the wall, Scott tried to stop him. Defendant pushed Scott in the chest, scratching her arm. Officers observed and photographed the injury. Defendant was involuntarily admitted into a hospital, where he was restrained and injected with the necessary medications. Defendant physically resisted the security officers throughout this process, and he spat in one security officer's face.

¶ 9 Defendant had four pending McLean County cases, which included a criminal damage to property charge in McLean County case No. 23-CM-564, criminal damage and criminal trespass charges in McLean County case No. 23-CM-696, and retail theft and criminal

trespass charges in McLean County case No. 23-CM-672. Law enforcement received 21 service calls involving defendant in a matter of weeks due to defendant's ongoing mental health issues. Defendant's criminal history included a Class 2 felony for delivery of narcotics, for which he served three years in the Illinois Department of Corrections. The State argued defendant should be denied pretrial release due to his escalating criminal behavior and the danger he posed to Scott.

¶ 10 After hearing arguments, the circuit court denied defendant pretrial release and granted the State's request for a no contact order between defendant and Scott. The court found the State proved by clear and convincing evidence the proof was evident or the presumption was great that defendant committed the charged offenses, and therefore defendant was subject to pretrial detention. The court found defendant posed a threat to the safety of Scott and the community at large because defendant had been charged in multiple cases with committing a series of escalating offenses over the course of several weeks, culminating in the events in question. The court found defendant could not control his impulses or follow court orders, as demonstrated by his conduct during the preceding hearings, and noted defendant was not taking his psychotropic medications. The court also observed defendant had previously received probation but failed to obtain satisfactory discharge. The court believed defendant presented a significant risk of committing more offenses if granted pretrial release. The court concluded no conditions would deter defendant from posing a threat to the safety of Scott and the community.

¶ 11 After the circuit court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 12 This appeal followed.

¶ 13           II. ANALYSIS

¶ 14   At the outset, we note the State did not file an optional responsive memorandum. See Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). This court addressed the same situation in *People v. Downey*, 2023 IL App (4th) 230961-U, and we follow the same course here. We choose to address this appeal's merits because "the record is simple and the claimed errors are such that [this] court can decide them without the assistance of an appellee's [memorandum]." *People v. Cosby*, 231 Ill. 2d 262, 285, 898 N.E.2d 603, 617 (2008) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976)). This principle is especially relevant in cases under the Act, where the appellee's responsive memorandum is optional, but we nevertheless emphasize we will not "serve as an advocate for the appellee or *** search the record for the purpose of sustaining the judgment of the trial court." *Talandis*, 63 Ill. 2d at 133; see *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[W]e doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden.").

¶ 15   We review a circuit court's pretrial release decision for an abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the court's position. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 16   Defendant filed a notice of appeal using the form provided in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). The form directed defendant to check boxes next to the grounds for relief and to "describe in detail." He checked the boxes corresponding to the following grounds for relief: (1) "Defendant was not charged with an offense qualifying for denial or revocation of pretrial

release or with a violation of a protective order qualifying for revocation of pretrial release;" (2) "The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged;" (3) "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case;" (4) "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight;" and (5) "The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." Defendant provided no description for why relief was warranted under these grounds.

¶ 17    Defendant also checked the boxes asserting "Defendant was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release" and "Other." Defendant's claim he did not receive the opportunity for a fair hearing contained the following description:

> "Counsel raised the issue as to *bona fide* doubt as to fitness. The court entered an order finding a *bona fide* doubt as to fitness did exist and an expert was appointed. Over Defense's objection, the State was allowed to proceed on [the] petition to detain. Defendant was deprived the opportunity to assist counsel; call witnesses, to testify, and confer with counsel. The defendant was not physically present, but appeared via 'zoom[.]' [T]he court did not make sufficient findings to hold a

- 6 -

hearing without defendant's in person appearance. It was not apparent whether defendant could adequately hear the proceedings."

In the space marked "Other," defendant insisted, "The court's decision to detain was not sufficiently individualized as directed by [section 110-6.1(f)(7) of the Code (725 ILCS 5/110-6.1(f)(7) (West 2022)]." Defendant did not file a supporting memorandum on appeal.

¶ 18        "[D]efendant, as the appellant, bears the burden of persuasion as to [his] claims of error." *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44, 91 N.E.3d 950. An appellant does not satisfy his burden of persuasion by merely checking a box on a form notice of appeal next to boilerplate language. At a minimum, the appellant must also point to some specific facts or aspect of the case supporting the checked ground for relief. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[I]t is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box."). According to Rule 604(h), which governs appeals under this Act, "[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested, and the form notice of appeal prescribed by Rule 606(d) requires the defendant to *describe those grounds in detail*." (Emphasis added.) *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18. Thus, defendant did not meet his burden regarding the checked boxes for which he provided no further description.

¶ 19        As for defendant's two remaining arguments, neither warrants relief. Under section 110-6.1(a) of the Code, a circuit court "shall hold a hearing and may deny a defendant pretrial release" when the State files a timely verified petition seeking to deny a defendant pretrial release. 725 ILCS 5/110-6.1(a) (West 2022). Nothing in the Code indicates a detention

hearing must be delayed when a *bona fide* doubt exists regarding the defendant's fitness. See 725

ILCS 5/110-1 *et seq.* (West 2022). Instead, section 110-6.1(g)(2)(B) allows a court to consider

"[a]ny evidence of the defendant's psychological, psychiatric or other similar social history"

when making its detention determination. 725 ILCS 5/110-6.1(g)(2)(B) (West 2022). The issue

at the detention hearing was not whether defendant was fit to stand trial, but whether, taking into

consideration all the information provided by the State and defense counsel, defendant

constituted a real and present threat to persons or the community or was a flight risk. Since the

statute expressly provides for evidence of a defendant's "psychological, psychiatric, or other

similar social history," defendant's mental condition and previous behavior were all relevant to

the court's consideration and included in the detention order. 725 ILCS 5/110-6.1(g)(2)(B) (West

2022). The order declared defendant, based on his behavior, was not "capable of impulse control

or following instructions or court orders due to [his] mentally distressed state." The order

observed defendant's "criminality has been increasing steadily in nature over [the] last several

weeks." These are appropriate factors for the court to consider when making its dangerousness

determination. See 725 ILCS 5/110-6.1(g)(1), (2)(A)-(B) (West 2022). Defendant was charged

with detainable offenses, and the proof was evident or the presumption great he committed those

offenses because the court found probable cause existed during a prior hearing. The court found

defendant's recent, escalating criminal conduct—coupled with his lack of impulse control and

inability to follow court instructions—posed a real and present threat to persons or the

community. The law allows a court to consider these factors, and we will not substitute our own

judgment on appeal. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 20        Additionally, the circuit court made the necessary findings to excuse defendant's

physical presence at the detention hearing. "A hearing at which pretrial release may be denied

must be conducted in person (and not by way of two-way audio visual communication) unless *** the court determines that the physical health and safety of any person necessary to the proceedings would be endangered." 725 ILCS 5/110-6.1(f)(3.5) (West 2022). Before proceeding with the hearing, the court found defendant's remote attendance was necessary for the health and safety of those present based on defendant's mental state and his prior conduct. The record supports this finding—during a previous hearing, security needed to remove defendant from the courtroom after he ignored multiple orders from the court to refrain from interrupting the proceedings. The court did not abuse its discretion when it conducted the detention hearing, despite defendant's pending fitness evaluation and his remote attendance.

¶ 21    The circuit court followed and applied the Code when deciding to detain defendant. Therefore, no abuse of discretion occurred, as the court's decision was not arbitrary, fanciful, or unreasonable. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 22                    III. CONCLUSION

¶ 23    For all these reasons, we affirm the judgment of the circuit court.

¶ 24    Affirmed.