2024 IL App (4th) 231199

NO. 4-23-1199

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Rock Island County |
| STEVEN L. GATLIN, | ) | No. 23CF796 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Justices Zenoff and Doherty concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Steven L. Gatlin, appeals the trial court's order denying his pretrial

release pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*

(West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the

Pretrial Fairness Act (Act). On appeal, defendant argues the court erred by not conducting his

detention hearing in person. For the following reasons, we vacate the order and remand for a new

detention hearing.

¶ 2                                I. BACKGROUND

¶ 3        On October 20, 2023, the State, by information, charged defendant with unlawful

violation of an order of protection (720 ILCS 5/12-3.4(a)(1)(i), (a)(2), (d) (West 2022)) for

visiting a protected address after having been previously convicted of violating an order of

protection and criminal damage to property (*id.* § 21-1(a)(1), (d)(1)(F)) for damaging Jennifer Miner's swimming pool, patio table, and security camera. On November 2, 2023, the State filed a verified petition to deny defendant pretrial release citing his charge for violating an order of protection.

¶ 4    At the detention hearing, the trial court noted defendant was present on video. The State proffered that defendant was out of custody on bond in Rock Island County case No. 23-DV-118, wherein a condition of bond prohibited defendant from having contact with Miner. The present charge stemmed from Rock Island County case No. 23-OP-731, which prohibited defendant from contact with Miner or being present at her residence located in Silvis, Illinois. Defendant was served with this order of protection on July 14, 2023, and it was in effect until 2025. Additionally, the State noted defendant previously admitted to violating his probation in Rock Island County case No. 22-CM-400 where he was convicted of violating an order of protection for contacting Miner.

¶ 5    On September 30, 2023, Silvis police officers responded to Miner's residence wherein she stated defendant broke into her home. Officers observed the garage door was open leading to an open back door where Miner's patio table and security camera had been thrown into her swimming pool. The swimming pool had been cut with a knife and was drained. Miner's dresser and nightstand had been covered in bleach, which stained her clothing inside the dresser. Officers reviewed the security camera video and identified defendant as entering Miner's residence and causing the damage. The State noted defendant was currently on a "hold" out of neighboring Scott County, Iowa, for violating a no contact or protective order.

¶ 6    Defendant contended he was not a risk for willful flight and, because of his "hold" in Scott County, granting his pretrial release would not permit defendant to be released

from custody. Defendant noted he has an alcohol addiction and what little money he makes from working is given to his son. Defendant argued for home detention and inpatient treatment as an alternative to pretrial detention.

¶ 7        The trial court found the State met its burden that the proof was evident and the presumption great defendant committed a qualifying offense. The court found no conditions would protect the public or Miner from further danger.

¶ 8        After reading defendant his appeal rights, the trial court stated, "Don't tell me I had the mic off the whole time." The following exchange then took place after a recess was taken:

> "THE COURT: Mr. Gatlin
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: My mistake. We had your hearing, you were standing
>
> there, but I had the mics muted. I don't know how they got muted.
>
> THE DEFENDANT: Yeah, it's okay.
>
> THE COURT: So you couldn't hear.
>
> THE DEFENDANT: Yes, sir. "

Thereafter, the court summarized what transpired at defendant's detention hearing.

¶ 9        Defendant utilized the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). On the form, defendant sought to have the detention order vacated. Under the grounds for relief, defendant checked the following boxes with his supporting detail shown in italics:

"The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

*Insufficient facts alleged in State's proffer.*

The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight.

*Insufficient facts alleged in the State's proffer.*

The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

*Insufficient facts alleged by court [and] in the State's proffer.*"

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, defendant contends the trial court erred by not conducting his detention hearing in-person pursuant to section 110-6(a) of the Code, and, because he could not hear the proceedings as they took place, his constitutional rights were violated. The State counters that defendant's arguments on appeal should be stricken because they were not raised in his notice of appeal.

¶ 13 This court, in *People v. Martin*, 2023 IL App (4th) 230826, stated issues not fairly raised through a liberal construction of a defendant's notice of appeal are forfeited. *Id.* ¶ 19. It is

clear from defendant's notice of appeal the issue raised in his appellate memorandum cannot be liberally constructed from his notice of appeal. The notice of appeal raises nothing that can be liberally construed to challenge the conduct of the hearing. At most, the issues in defendant's notice of appeal challenge the State's proffered evidence or the trial court's decision based on that evidence.

¶ 14     Defendant contends, however, we may review this issue based on the plain error doctrine because his absence from the hearing violated his constitutional rights. See *People v. Harris*, 2023 IL App (1st) 210754, ¶ 112 (where the appellate court found a sentencing hearing to be a critical proceeding requiring the defendant's presence because the outcome affected a substantial right, namely the defendant's freedom).

¶ 15     Plain errors or defects affecting substantial rights may be noticed even though they were not brought to the attention of the trial court. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). The plain error doctrine provides a narrow and limited exception to the general rule of procedural default. *People v. Ahlers*, 402 Ill. App. 3d 726, 733 (2010). The plain error doctrine permits a reviewing court to bypass the normal principles of forfeiture and review unpreserved errors where:

> "(1) a clear or obvious error occurs and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

When applying the plain error doctrine, a reviewing court must first determine whether an error occurred at all. *People v. Hood*, 2016 IL 118581, ¶ 18.

¶ 16        In *Martin*, this court chose not to apply the plain error doctrine where the error was not obvious at the onset of the Act and where no settled precedent was applicable. *Martin*, 2023 IL App (4th) 230826, ¶ 17. In *Martin*, the defendant challenged the State's ability to file a verified petition to deny pretrial release. *Id.* ¶ 16. We stated in *Martin*:

> "Assuming for the sake of argument that the State's petition to deny pretrial release was improper, that fact was not obvious on the first day the Act was in effect. For that matter, it was not obvious that defendant could respond by moving to strike the petition or that the trial court had the authority to grant such a motion, as defendant now assumes."

*Martin* was correct, it was not obvious on the first day the Act was in effect that the State's petition was improper, and after the fact, it turns out the issue regarding the State's petition was not improper at all. See *People v. Jones*, 2023 IL App (4th) 230837, ¶ 17.

¶ 17        Defendant cites section 110-6(a) of the Code, which requires a defendant to be present in person at a hearing to revoke pretrial release, modify conditions of pretrial release, or consider sanctions for violations of conditions of pretrial release. 725 ILCS 5/110-6(a) (West 2022). However, the State did not file a petition to revoke defendant's pretrial release, modify his existing conditions of pretrial release, or seek sanctions for a violation of conditions of pretrial release. Rather, the State filed a petition to deny pretrial release based upon defendant's most recent charge for violating an order of protection pursuant to section 110-6.1(a) of the Code.

¶ 18        Nonetheless, whether it be a petition to revoke pretrial release under section 110-6(a) or a petition to deny pretrial release under section 110-6.1(a), both sections of the Code have precisely the same language requiring the defendant's hearing be conducted in person:

> "A hearing at which pretrial release may be denied must be conducted in person (and not by way of two-way audio visual communication) unless the accused waives the right to be present physically in court, the court determines that the physical health and safety of any person necessary to the proceedings would be endangered by appearing in court, or the chief judge of the circuit orders use of that system due to operational challenges in conducting the hearing in person. Such operational challenges must be documented and approved by the chief judge of the circuit, and a plan to address the challenges through reasonable efforts must be presented and approved by the Administrative Office of the Illinois Courts every 6 months." 725 ILCS 5/110-6.1(f)(3.5) (West 2022); *id.* 5/110-6(a).

¶ 19        Therefore, despite defendant's reference to the wrong statutory section, we will review the statutory language because it appears identically under both sections of the Code. "The primary objective of statutory construction is to ascertain and give effect to the legislature's intent." *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* "The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Id.* "Issues requiring statutory interpretation are questions of law subject to *de novo* review." *Id.*

¶ 20        Section 110-6.1(f)(3.5) of the Code is not ambiguous. It clearly states a detention hearing must be conducted in person and not through two-way audio and visual communication unless the defendant waives his right to be present, physical safety requires the defendant appear remotely, or operational challenges require the defendant appear remotely.

¶ 21        Defendant correctly notes, and the State, on appeal, does not argue, that the trial court made any findings that the physical safety of a person necessary to the detention hearing would have been endangered by defendant's in-person appearance. Nor does our review of the record show defendant posed a risk to any person's physical safety at the hearing. See *People v. Harris*, 2024 IL App (4th) 231123-U, ¶ 20 (stating the trial court made the necessary findings to excuse the defendant's physical presence at his detention hearing for the health and safety of those present because of the defendant's mental state and prior conduct). Defendant correctly notes and the State does not argue otherwise that there were any operational challenges to conducting defendant's detention hearing in person. Our supreme court has given the circuit courts significant flexibility to permit the use of remote detention hearings under the Act. Ill. S. Ct., M.R. 31888 (eff. Sept. 18, 2023). Nonetheless, the supreme court's order still requires the chief judge of the circuit court to submit an order identifying such operational challenges to conduct remote detention hearings. Nothing in the record or argued by the State on appeal suggests such an order was in effect in Rock Island County. Defendant argues he did not waive his right to be present for his detention hearing. The State does not argue defendant waived his presence for the detention hearing. We note that after the court realized the microphones transmitting audio to defendant remotely were muted, defendant did respond with "yeah, it's okay." However, we are uninclined to view defendant's statement as a *post facto* waiver of his right to be physically present. See *People v. Johnson*, 2023 IL App (4th) 210662, ¶ 49 (noting

- 8 -

where an issue is waived, the appellate court need not conduct a plain error analysis). Rather, it appears defendant's statement was a passive, non-confrontational acknowledgment to the court that defendant likely viewed as possessing the keys to his release from custody.

¶ 22 Therefore, we find this case to be substantially different from *Martin*. The Code specifically requires the detention hearing be conducted with the defendant physically present. This was obvious on the first day the Act was in effect. Because the record does not reveal any of the qualifying conditions permitting defendant to participate in his detention hearing remotely, we find a clear error has occurred. "A misapplication of the law rises to plain error when it affects a defendant's fundamental right to liberty." *Jones*, 2023 IL App (4th) 230837, ¶ 11; *People v. Gathing*, 2023 IL App (3d) 230491, ¶ 19 (finding the trial court's failure to conduct the defendant's detention hearing in person pursuant to section 110-6(a) was reversible error).

¶ 23 Additionally, we find this error falls under the second prong of the plain error analysis. The central premise of the Act was to abolish monetary bail and default to a defendant's presumptive eligibility for pretrial release. *Rowe v. Raoul*, 2023 IL 129248, ¶ 5; 725 ILCS 5/110-1.5, 110-2(a) (West 2022). The legislature clearly instructed that hearings under the Code where a defendant may be denied pretrial release be conducted with a defendant's right to be physically present. Here, the entire detention hearing was conducted without defendant's participation. He was unable to hear the evidence and arguments presented against him or the evidence and arguments presented in his defense, and, subsequently, unable to assist his own attorney to advocate for his pretrial release. Defendant cannot meaningfully advocate for his presumptive eligibility for pretrial release at a detention hearing where he is essentially a non-participant. We need not and do not address the merits of the State's petition because the failure to comply with the Code affected the fundamental fairness of defendant's detention

hearing and challenged the integrity of the judicial process. Accordingly, we vacate the trial court's order denying defendant's pretrial release and remand the matter for the court to conduct a new detention hearing compliant with the Code.

¶ 24                              III. CONCLUSION

¶ 25          For the reasons stated, we vacate the trial court's order denying defendant pretrial release and remand with directions for the court to set a new detention hearing and conduct those further proceedings in a manner consistent with this order.

¶ 26          Vacated and remanded with directions.

*People v. Gatlin,* 2024 IL App (4th) 231199

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 23-CF-796; the Hon. Frank R. Fuhr, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and James Wozniak of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |