NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231582-U

NO. 4-23-1582

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| NICHOLAS McCARTHY-NELSON, | ) | No. 23CF953 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred in granting the State's petition to deny defendant pretrial release where the court failed to comply with the procedural requirements of section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 2    Defendant, Nicholas McCarthy-Nelson, appeals the trial court's judgment granting the State's petition, filed pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) 725 ILCS 5/110-6.1 (West 2022)), to deny him pretrial release. On appeal, defendant argues, (1) the court erred in denying him pretrial release where it failed to hold a hearing on the State's petition within 48 hours of his initial appearance, (2) the court erred in holding a hearing on the State's petition without ensuring defendant's physical presence in court, and (3) the State failed to prove by clear and convincing evidence that (a) the proof was evident

or presumption great he committed the charged offenses, (b) he posed a threat to the safety of any person or the community, and (c) no combination of conditions could mitigate any potential threat he posed. We agree with defendant's first argument, vacate the detention order on that basis, and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        On December 24, 2023, defendant was arrested and charged with armed violence (720 ILCS 5/33A-2(a) (West 2022)), possession of a defaced firearm (*id.* § 24-5(b)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(2) (West 2022)). That same day, defendant made his initial appearance in court. At the hearing, the trial court heard testimony from a police officer and found probable cause to believe defendant committed the charged offenses.

¶ 5        Also on December 24, 2023, the State filed a verified petition pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) seeking to deny defendant pretrial release. Over defendant's objection, the trial court granted the State's motion to continue the proceedings to December 27, 2023, for a hearing on its petition.

¶ 6        On December 27, 2023, the trial court conducted a hearing on the State's petition to deny defendant pretrial release. We discuss only the facts relevant to the dispositive issue raised on appeal. Defendant argued the court erred in continuing the hearing to December 27 because section 110-6.1(c)(2) (*id.* § 110-6.1(c)(2)) mandated that, under the circumstances, the hearing was to be conducted within 48 hours of his initial appearance in court on December 24. In rejecting defendant's argument, the court stated the following:

"THE COURT: As to your first argument about an immediate hearing, I will note for the record that December 24th is a Sunday, so it's a weekend, and

then December 25th and 26th were holidays. So as to the—your argument on that basis, the Court believes that the hearing is being timely heard, as today's the first day—workday back from the weekend and the holiday."

The court ultimately entered a written order granting the State's petition to deny defendant pretrial release.

¶ 7 Defendant filed a timely notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023). On the form notice, he checked the box labeled "Other" and asserted he "was denied right [*sic*] to immediate hearing and right [*sic*] to hearing within 48 hours upon granting of State's motion to continue." Defendant also filed a memorandum in support of his notice of appeal, in which he raised, in relevant part, the same argument as above. The State requested and obtained leave to file a late memorandum in opposition to defendant's claims of error.

¶ 8                                                    II. ANALYSIS

¶ 9 On appeal, defendant argues, in pertinent part, that the trial court erred in granting the State's petition to deny him pretrial release by failing to comply with the timing requirements of section 110-6.1(c)(2) of the Code. 725 ILCS 5/110-6.1(c)(2) (West 2022). He asserts the plain language of the statute contains no exceptions for holidays or weekends for purposes of computing the applicable 48-hour deadline. Defendant further contends the appropriate remedy is for this court to "reverse the trial court's detention order and order that [he] be released from custody." Resolution of defendant's claim requires us to interpret the language of the relevant statute. Although it filed a memorandum in opposition, the State failed to address defendant's untimeliness argument, and so we are left without the benefit of its advocacy on this issue.

¶ 10          "The cardinal rule of statutory interpretation *** is to ascertain and give effect to the intent of the legislature." *People v. Maggette*, 195 Ill. 2d 336, 348 (2001). "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. "If the statutory language at issue is clear and unambiguous, a reviewing court must interpret the statute according to its terms without resorting to aids of statutory construction." *City of Countryside v. City of Countryside Police Pension Board of Trustees*, 2018 IL App (1st) 171029, ¶ 35. "It is an elementary principle of statutory interpretation that no statute should be construed in a manner which will lead to consequences which are absurd, inconvenient, or unjust." *People v. Partee*, 125 Ill. 2d 24, 30-31 (1988). "[A] court should avoid an interpretation of a statute that would render any portion thereof meaningless or superfluous." *People v. Wunderlich*, 2019 IL App (3d) 180360, ¶ 16. "Issues requiring statutory interpretation are questions of law subject to *de novo* review." *Evans*, 2021 IL 125513, ¶ 27.

¶ 11          Section 110-6.1 of the Code provides, in pertinent part, that the trial court shall, upon the filing of the State's verified petition, "immediately hold a hearing on the petition unless a continuance is requested. If a continuance is requested and granted, the hearing shall be held within 48 hours of the defendant's first appearance if the defendant is charged with *** a Class X, Class 1, Class 2, or Class 3 felony ." 725 ILCS 5/110-6.1(c)(2) (West 2022). The statutory language at issue is clear and unambiguous, and we must interpret it according to its terms. See *City of Countryside*, 2018 IL App (1st) 171029, ¶ 35. It clearly requires trial courts to conduct a hearing on the State's petition to deny a defendant pretrial release within 48 hours of the defendant's initial appearance; it does not exclude weekends or holidays when computing time deadlines. See 725 ILCS 5/110-6.1(c)(2) (West 2022).

¶ 12          Here, on December 24, 2023, defendant was arrested and charged with a Class X felony, a Class 2 felony, and two Class 3 felonies. That same day, defendant made his initial appearance in court and the State filed a verified petition to deny him pretrial release. At the initial hearing, the court, over defendant's objection, granted the State's request for a continuance to December 27, 2023, for the detention hearing. At the December 27, 2023, detention hearing, defendant argued the court erred in continuing the matter beyond the 48-hour window set forth in section 110-6.1(c)(2) of the Code. The court rejected defendant's argument, finding the hearing was timely held because December 25 and 26 were holidays, making December 27 "the first day—workday back from the weekend and the holiday."

¶ 13          We agree with defendant that the trial court failed to comply with the timing requirements of section 110-6.1(c)(2). We note defendant's memorandum makes no mention of section 1.11 of the Statute on Statutes. See 5 ILCS 70/1.11 (West 2022) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute *** in this State, and then it shall also be excluded."). In our research, we have found no authority that disposes of the question whether the method for calculating deadlines set forth in the Statute on Statutes should apply in these circumstances. Nonetheless, even if we were to assume, *arguendo*, the Statute on Statutes did apply here, we would still find the court erred, as December 26, 2023, was not "a holiday as defined or fixed in any statute *** in this State." *Id.*; see https://www.illinois.gov/content/dam/soi/en/web/irb/documents/state-holidays.pdf (last visited on Mar. 15, 2024) (listing December 25, 2023, on the State Holiday Calendar for 2022 and 2023 but not December 26, 2023). Thus, regardless of whether the Statute on Statutes applies under the circumstances, the court was required to conduct a hearing on the State's

petition by December 26, 2023. Because it did not do so, it failed to comply with the procedural requirements of the statute.

¶ 14 Having found the trial court failed to comply with the procedural requirements of the Code, we must next determine the appropriate remedy. In his memorandum, defendant, relying on *People v. Gatlin*, 2024 IL App (4th) 231199, ¶¶ 20-23, asserts we "should reverse the trial court's detention order and order that [he] be released from custody." In *Gatlin*, we found the trial court committed second-prong plain error by holding a detention hearing without the defendant being physically present in court, in violation of section 110-6.1(f)(3.5) of the Code (725 ILCS 5/110-6.1(f)(3.5) (West 2022). *Gatlin*, 2024 IL App (4th) 231199, ¶ 23. We remanded "the matter for the court to conduct a new detention hearing compliant with the Code." *Id.*. Defendant's reliance on *Gatlin* is misplaced. First, in *Gatlin*, we did not order that the defendant be released from custody, but instead remanded for a new hearing compliant with the Code, meaning a hearing at which the defendant would be physically present. *Id.* Second, even if we were to assume defendant was asking for the same remedy in *Gatlin*, *i.e.*, granting a new hearing in compliance with the Code, we could not effectively grant him relief because the prior violation of the statute's timing requirements makes it impossible to now have a timely hearing. Nonetheless, we must still determine the appropriate relief to grant defendant.

¶ 15 This court, like defendant, has been unable to identify any case discussing the appropriate remedy when a trial court fails to conduct a timely detention hearing in accordance with section 110-6.1(c)(2). The most analogous case our research uncovered was *People v. Gil*, 2019 IL App (1st) 192419, which involved the previous version of section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2016)) and an interlocutory appeal filed pursuant to Illinois Supreme Court Rule 604(c) (eff. July 1, 2017).

¶ 16        In *Gil*, the defendant was arrested in February 2019 and charged with sexual offenses involving a minor. *Gil*, 2019 IL App (1st) 192419, ¶ 4. On February 12, 2019, the trial court conducted a hearing, at which it found probable cause existed to detain the defendant pretrial and ordered him to be held without bail. *Id.* ¶ 5. At no point did the State file a verified petition seeking to deny the defendant bail. *Id.* The defendant filed an interlocutory appeal pursuant to Rule 604(c), arguing the court erred in detaining him without bail because section 110-6.1 authorized trial courts to deny bail only upon verified petition by the State. *Id.* ¶ 15. The *Gil* court agreed, finding the trial court erred in entering a no-bail order where the State never filed a verified petition as required by section 110-6.1. *Id.* ¶ 16. The *Gil* court acknowledged the trial court's authority to deny bail, but only "provided the proper procedures are followed and the necessary findings are made." *Id.* ¶ 17. "[I]t is clear that the procedural and substantive requirements of section 110-6.1 must be and were not followed." *Id.* ¶ 18. Having found the trial court failed to follow the procedural requirements of section 110-6.1, the *Gil* court determined the appropriate remedy was to "reverse the order of the circuit court denying [the defendant] release on bail and remand to the circuit court for the purpose of setting the amount of bail and other conditions of his release." *Id.* ¶ 2.

¶ 17        The facts now before us are somewhat analogous to those in *Gil*, and, because we find the reasoning in that case sound, we conclude a similar remedy is appropriate in the instant case. Here, as in *Gil*, the trial court erred in denying pretrial release by failing to follow the procedural requirements of section 110-6.1 of the Code. In this case, the court failed to follow the timing requirements of section 110-6.1(c)(2). In *Gil*, the trial court considered the State's failure to follow the pleading requirements of section 110-6.1(a). See *Gil*, 2019 IL App (1st) 192419, ¶¶ 15-20. Because both cases involve the trial court's failure to comply with the

procedural requirements of section 110-6.1, we find it is appropriate to provide defendant with a remedy analogous to that provided to the defendant in *Gil*. It is important to note that the remedy ordered by the appellate court in *Gil* deprived the State of an opportunity on remand to file a verified petition asking the trial court to deny the defendant bail. *Id.* ¶¶ 2, 19, 21. Instead, the remedy mandated the trial court to conduct a hearing on remand "for the purpose of setting the amount of bail and other conditions of his release." *Id.* ¶ 2. In other words, the trial court lacked the authority on remand to enter an order detaining the defendant without bail; the defendant's pretrial release on bail, albeit with the imposition of appropriate conditions of release, was a necessary condition of the remedy awarded by the *Gil* court. *Id.* ¶¶ 2, 19, 21.

¶ 18　　　　Here, we hold the appropriate remedy for the State's and trial court's failure to ensure the detention hearing was conducted in compliance with the timing requirements of section 110-6.1(c)(2) of the Code (725 ILCS 5/110-6.1(c)(2) (West 2022)) is to remand the case to the trial court for the purpose of promptly holding a hearing to determine the least restrictive conditions of defendant's pretrial release. See *Gil*, 2019 Il App (1st) 192419, ¶¶ 2, 19, 21. In so holding, we note that if we were to allow the State to again petition the court to deny defendant pretrial release on remand, it would have little incentive to comply with the timing requirements of the statute in other cases. There would be no consequence for its failure to comply with the unambiguous language of the statute, and thus would render nugatory the statute's timing requirement. See, *e.g.*, *Wunderlich*, 2019 IL App (3d) 180360, ¶ 16 ("[A] court should avoid an interpretation of a statute that would render any portion thereof meaningless or superfluous.").

¶ 19　　　　We further find the remedy set forth above to be appropriate because it places defendant in the same position he would have been in had the State not filed a petition to deny him pretrial release. Under the statutory scheme, when the State does not file a petition, the

defendant is released pretrial subject to the conditions the trial court is required to impose pursuant to sections 110-5(c) and 110-10(a) of the Code. 725 ILCS 5/110-5(c) (West 2022) ("The court shall impose any conditions that are mandatory under subsection (a) of Section 110-10."); *Id.* § 110-10(a)(1)-(6) (listing the mandatory conditions of pretrial release). In addition to the mandatory conditions, the court also has the discretion to impose a number of additional conditions, so long as they are "the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community." *Id.* § 110-5(c); see *id.* § 110-10(b)(0.05)-(9) (listing the discretionary conditions of release). Thus, at the hearing on remand, the court will be required to impose the mandatory conditions listed in section 110-10 and it will have the discretion to impose additional conditions that it finds necessary to ensure defendant's appearance as required for the safety of the community.

¶ 20                              III. CONCLUSION

¶ 21            For the reasons stated, we reverse the trial court's judgment and remand with directions that the court promptly set the case for a hearing to determine the least restrictive conditions of defendant's pretrial release.

¶ 22            Reversed and remanded with directions.