NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240300-U

NO. 4-24-0300

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| ERVIN J. CONNER, | ) | No. 23CF927 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The hearing on the State's petition to revoke defendant's pretrial release was untimely.

¶ 2         Defendant, Ervin J. Conner, appeals the trial court's order revoking his pretrial release under section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We vacate the order revoking defendant's pretrial release.

¶ 3                          I. BACKGROUND

¶ 4         On December 14, 2023, the State charged defendant with multiple offenses occurring on December 13, 2023: (1) burglary to motor vehicle owned by Precious Delaney, a

Class 3 felony (720 ILCS 5/19-1(a) (West 2022)); (2) criminal trespass to motor vehicle, a Class A misdemeanor (*id.* § 21-2(a)); (3) two counts of unlawful violation of an order of protection for Delaney, Class A misdemeanors (*id.* § 12-3.4(a)(2)); and (4) domestic battery of E.C. (born on November 9, 2011), a Class A misdemeanor (*id.* § 12-3.2(a)(2)).

¶ 5 The same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)), which the trial court denied. According to the State's petition, an order of protection protecting Delaney and the children she and defendant shared went into effect on September 12, 2023. On December 13, 2023, defendant went to the residence after Delaney said she needed money for Christmas presents. Defendant said he had money but he did not and "went around the house acting crazy." Defendant became angry after Delaney told him to leave. He yelled. E.C. stepped between defendant and Delaney. Defendant pushed E.C. Defendant left. Delaney went to another address to avoid defendant, but he was there. When police stopped defendant, he was found with an air compressor that had been removed from Delaney's vehicle.

¶ 6 After a hearing, the trial court denied the State's petition and defendant was released with conditions. Among the conditions ordered, defendant was to refrain from possessing a firearm or dangerous weapon, have no contact directly or indirectly with Delaney "and children," report to pretrial services, and participate in GPS monitoring.

¶ 7 On February 5, 2024, the State filed a verified petition to revoke pretrial release. According to the State, defendant repeatedly failed to comply with the rules and regulations of the GPS program by failing to keep the monitoring device sufficiently charged, resulting in the monitoring device being disabled. The State further asserted the following:

"[T]he Defendant, while on pretrial release in the instant matter

has now been charged with 24 CM NEW (EM24-0608) [(Rock Island County case No. 24-CF-34)], a subsequent Violation of an Order of Protection, and the subject of the Order of Protection is the same person as the victim in the underlying matter (110-6(b)(2));

*** [T]he Defendant, while on pretrial release in the instant matter has now been charged with 24 CF NEW (EM24-0585) [(Rock Island County case No. 24-CF-88)], for a charge of Felony Criminal Damage to Property, and misdemeanor Violation of an Order of Protection, and the subject of the Order of Protection is the same person as the victim in the underlying matter."

¶ 8 On February 6, 2024, the Rock Island County Adult Probation Department filed a pretrial bond violation report. According to the report, defendant failed to report to court services for the months of December 2023 and January 2024. In addition to the offenses listed in the State's petition to revoke, defendant was charged with possession of a controlled substance on February 5, 2024 (Rock Island County case No. 24-CF-89). The report recommended revoking pretrial release.

¶ 9 On February 13, 2024, the detention hearing was held. When asked if defendant was ready to proceed, defense counsel stated the hearing was untimely. Defense counsel argued the State had 72 hours from the February 5, 2024, filing of the petition to revoke and the hearing was being held well outside that period.

¶ 10 The trial court disagreed, concluding the statute required a hearing within 72 hours of defendant's being taken into custody. The court reasoned, otherwise, if "you have no

idea where they're at, you would have a situation where I would be holding hearings without people present, and I think that would be a violation of due process." The court noted defendant was in custody on February 11 on the new cases. When the State filed the petition to revoke, defendant was not in custody.

¶ 11        At the hearing, the State proffered a brief description of the new charges. The State also asked the trial court to take judicial notice of Rock Island County case No. 14-CF-107, for which defendant served seven years in the Illinois Department of Corrections.

¶ 12        Defense counsel proffered defendant's explanations for his noncompliance with pretrial-release conditions. Defendant reported losing the charging device for his GPS monitor when a friend got into a car crash and the charging cord was in that vehicle. He informed counsel on January 17, 2024, he needed a charger. Defendant had a nonfunctioning phone he could not afford to fix. Defendant maintained he was innocent of the new charges.

¶ 13        The trial court then asked for additional information on the newer cases. Defense counsel objected, stating she could not defend against those charges as she was not provided discovery regarding those cases. The court stated it believed "before I can get to the violated the order of conditional release, I'd have to find that the proof is evident or presumption great that he did, in fact, commit a new violation." At the trial court's request, the State read the factual bases for the two new cases, and the court revoked defendant's pretrial release.

¶ 14        That same day, the trial court entered a written order. The court found defendant was on pretrial release for a detainable offense and violated a pretrial release condition and clear and convincing evidence established no condition or combination of conditions of release would reasonably assure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

- 4 -

¶ 15		This appeal followed.

¶ 16				II. ANALYSIS

¶ 17		On February 16, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this court to vacate the trial court's order revoking his pretrial release and release him from custody. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked the box before "Other" and wrote the following on the preprinted lines:

> "The State's verified Petition to Revoke Pretrial Release was filed
>
> on 2/5/24. A hearing was not held within 72 hours of the filing, as
>
> required by statute. Also, defense was not given discovery for
>
> 24CF88 + 24CF89. The State referenced those cases/facts during
>
> the hearing + they were considered by the court at the hearing.
>
> Defense was entitled to the discovery prior to the hearing, per
>
> statute."

Defendant filed a supporting memorandum further addressing those two claims.

¶ 18		Defendant argues section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) plainly sets forth a 72-hour deadline for a hearing on a petition to revoke pretrial release. Defendant emphasizes the petition to revoke pretrial release was filed on February 5, 2024, but the hearing on that petition was not held until February 13, 2024, well outside the 72-hour deadline. Because of this error, defendant argues his case must be remanded for a new hearing to

determine pretrial-release conditions and, under *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, he should not be detained.

¶ 19    The State counters, maintaining section 110-6(a)'s 72-hour deadline applies only when a defendant is in custody. According to the State, defendant's interpretation of section 110-6(a) creates procedural difficulties.

¶ 20    As the parties dispute the meaning of section 110-6(a)'s 72-hour requirement, we are tasked with ascertaining and giving effect to the legislature's intent in enacting that section. See *People v. Maggette*, 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001). The most reliable means of ascertaining that intent is to read the statute's language, applying to that language "its plain and ordinary meaning." *People v. Gatlin*, 2024 IL App (4th) 231199, ¶ 19 (quoting *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27, 183 N.E.3d 810). We "view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Evans*, 2021 IL 125513, ¶ 27. If possible, we give each word, clause, and sentence a reasonable meaning, not rendering any word, clause, or sentence superfluous. *People v. Casler*, 2020 IL 125117, ¶ 24, 181 N.E.3d 767. In this task, we "may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Id.* We are mindful of the presumption our legislature did not intend an absurd, inconvenient, or unjust result. *Id.* In matters of statutory interpretation, our review is *de novo*. *Gatlin*, 2024 IL App (4th) 231199, ¶ 19.

¶ 21    Section 110-6(a) is the provision of the Code governing petitions to *revoke* pretrial release. It provides the following, in relevant part:

> "(a) When a defendant has previously been granted pretrial
>
> release under this Section for a felony or Class A misdemeanor,

- 6 -

that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

\*\*\*

Upon the filing of a petition or upon motion of the court seeking revocation, the court shall order the transfer of the defendant and the petition or motion to the court before which the previous felony or Class A misdemeanor is pending. The defendant may be held in custody pending transfer to and a hearing before such court. The defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation." 725 ILCS 5/110-6(a) (West 2022).

¶ 22 The language of section 110-6(a), given its plain and ordinary meaning, could not be clearer. In an independent clause with no limit on its application, the legislature set a 72-hour deadline for hearings on all petitions to revoke.

¶ 23 We disagree with the trial court's and State's concerns about applying section 110-6(a)'s 72-hour deadline to all petitions to revoke. Their concerns appear based on the misconception that the task of revoking a defendant's pretrial release begins with the filing of a petition by the State or a motion of the court, whether or not that defendant is currently in

- 7 -

custody. Instead, the Code, in sections 110-6(c)(4) and 110-3(a), sets forth the procedure of how to begin the process of a revoking pretrial release when a defendant is not in custody or before the court. *Id.* § 110-3(a), 110-6(c)(4). Section 110-6(c)(4) directs the court to apply the procedures of section 110-3 when the defendant "violates any other condition of pretrial release set by the court." *Id.* § 110-6(c)(4). Section 110-3(a) states, in relevant part: "Upon failure to comply with any condition of pretrial release, the court having jurisdiction at the time of such failure may, on its own motion or upon motion from the State, issue a summons or a warrant for the arrest of the person at liberty on pretrial release." *Id.* § 110-3(a). Once the defendant is before the court or in custody as a result of a summons or warrant under section 110-3(a), a section 110-6(a) petition or motion to revoke may be filed, triggering the 72-hour deadline for a hearing. When a defendant is not in custody, a section 110-6(a) filing by the State or the court is premature.

¶ 24       The State contends, even if we find the 72-hour deadline applies when a defendant is not in custody, this court should treat defendant's revocation as having occurred upon a *de facto* motion by the trial court to revoke defendant's pretrial release. We are not convinced. Such a process would effectively negate a directive by our legislature, as every late-held hearing could be deemed a *de facto* motion by the trial court, even when the court made no such motion.

¶ 25       Defendant's hearing was not held in a timely manner and did not comply with section 110-6(a), leaving us to the task of determining the appropriate remedy. The statute does not provide one. See *People v. Walker*, 2024 IL App (1st) 232130-U, ¶¶ 23, 24-25 (declining to entertain the defendant's argument regarding a remedy for the late hearing on a petition to revoke pretrial release when the statute did not provide one and the defendant provided no

supporting authority in his notice of appeal). Defendant contends, citing our decision in *McCarthy-Nelson*, the remedy is to vacate the trial court's decision, release him from custody, and, effectively, bar the State from filing a new petition to revoke. The State, in its appellee brief, does not offer an alternative remedy but argues we should not follow *McCarthy-Nelson*, as it involved a petition to deny pretrial release, not a petition to revoke pretrial release.

¶ 26 We are not convinced the same remedy in *McCarthy-Nelson*, barring the State from filing a new petition to detain defendant on remand, should be awarded here. In *McCarthy-Nelson*, the issue on appeal was whether the trial court erred in *denying*, not revoking, the defendant's pretrial release when the court failed to hold a timely hearing on the State's petition to deny him pretrial release under section 110-6.1 of the Code. *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 2. In that case, once this court determined the hearing on the petition was not timely, as it occurred more than 48 hours after the petition's filing, we determined the appropriate remedy was "to remand the case to the trial court for the purpose of promptly holding a hearing to determine the least restrictive conditions of defendant's pretrial release" *Id.* ¶ 18. We further concluded the State would not be permitted to again petition to deny defendant pretrial release as the State "would have little incentive to comply with the timing requirements of the statute in other cases." *Id.*

¶ 27 There are crucial distinctions between the circumstances and processes for orders *denying* pretrial release under section 110-6.1 and orders *revoking* pretrial release under section 110-6 that make the application of *McCarthy-Nelson*'s remedy inappropriate here. We are mindful of principles underlying the Code, such as "[a]ll persons charged with an offense shall be eligible for pretrial release before conviction" (725 ILCS 5/110-2(a) (West 2022)) and a "purpose of relying on pretrial release by nonmonetary means" is "to reasonably ensure an

eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release ***" (*id.* § 110-2(e)). Section 110-6.1, which governs denials of pretrial release, involves defendants who have not yet been given an opportunity to be released. The hurdles are, consistent with the purposes of the Code, therefore, high to detain those defendants. For example, the State bears the burden of proving by clear and convincing evidence "the proof is evident or the presumption great that defendant has committed" a detainable offense (*id.* § 110-6.1(e)(1)) and, when applicable, "defendant poses a real and present threat to the safety of any person or persons or the community" (*id.* § 110-6.1(e)(2)). Section 110-6.1 also imposes tight deadlines for the State's filing of a petition to deny pretrial release. The petition may be filed at the defendant's first appearance before a judge or within 21 calendar days after the arrest and release of the defendant (*id.* § 110-6.1(c)(1)), and a hearing must be held no later than 24 to 48 hours after the filing of the petition, depending on the offense charged (*id.* § 110-6.1(c)(2)). In contrast, defendants appearing on petitions to revoke under section 110-6 have already been released from custody and have shown they are unwilling or are unable to comply with the conditions of that release. The hurdles to detain them are, therefore, not as high. While under section 110-6.1(a) only the State may seek to deny pretrial release (*id*. § 110-6.1(a)), under section 110-6, both the State and the trial court may seek to revoke pretrial release. When a defendant has been granted pretrial release for an applicable offense, that release may be revoked "if the defendant is *charged* with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." (Emphasis added) *Id.* § 110-6(a). In addition, the period of time to hold a revocation hearing is longer, 72 hours after the filing of the State's petition or the court's motion for revocation (*id.*), and there is

- 10 -

no period of time within which such a petition or motion may only be filed.

¶ 28 Moreover, there is the added distinction between the facts and circumstances of this case and those in *McCarthy-Nelson*. In *McCarthy-Nelson*, as a result of the failure to hold the hearing within 48 hours of the petition's filing, that defendant was held longer than the statutorily authorized period of 48 hours. *McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶¶ 9, 13. Here, section 110-6(a)'s 72-hour deadline authorizes the holding of a defendant for 72 hours. 720 ILCS 5/110-6(a) (West 2022). While the petition to revoke was filed on February 5, 2024, and the hearing was not held until February 13, 2024, defendant was not in custody exceeding the length of time statutorily permitted.

¶ 29 Because of these differences, we are not compelled to apply *McCarthy-Nelson*'s remedy here. We understand defendant's concern that if we do not prevent the State from seeking pretrial detention on remand, the State "would have little incentive to comply with the timing requirements of the statute in other cases" and we "would render nugatory the statute's timing requirement" (*McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 18) of 72 hours. However, the Code's purposes of protecting the public and ensuring and the defendant's "compliance with all conditions of release" (725 ILCS 5/110-2(e) (West 2022)) and its authorization of the State or the trial court to seek pretrial detention of any defendant previously granted pretrial release who is later charged with a felony or Class A misdemeanor at any time, prevents us from barring the State or the court from seeking revocation of defendant's pretrial release. Our decision vacating the order detaining defendant places him in the same position he would be in had the State not filed its petition to revoke. Section 110-6(a)'s time requirements do not bar either the State or the court from going through the steps necessary to seek detention again.

¶ 30        Our decision renders unnecessary the resolution of defendant's alternative argument he was denied access to evidence used at the revocation hearing. For this argument, defendant seeks a new hearing. A new hearing is unnecessary as the order has been vacated. A new hearing will not occur unless the State or the trial court petitions or moves to revoke defendant's pretrial release. We do note, however, we are puzzled by the trial court's consideration at the hearing on the State's section 110-6 petition to revoke defendant's pretrial release the question of whether the "proof is evident or presumption great" defendant committed the new felonies or Class A misdemeanors while on pretrial release. The quoted language does not appear in section 110-6, but in section 110-6.1.

¶ 31                              III. CONCLUSION

¶ 32        For the reasons stated, we vacate the trial court's order revoking defendant's pretrial release.

¶ 33        Order vacated.