2024 IL App (3d) 230499

Opinion filed January 8, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | Appeal No. 3-23-0499 |
| v. | ) ) | Circuit No. 23-CF-682 |
| CALEB A. MEZO, | ) ) | Honorable Thomas W. Cunnington, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Justices Hettel concurred in the judgment and opinion.
Justice Peterson dissented, with opinion.

**OPINION**

¶ 1        Defendant, Caleb A. Mezo, appeals the circuit court's order denying him pretrial release. He argues, among other things, that he was denied a fair hearing on the State's petition because the State relied on his criminal history but never provided it to the defense or filed it with the court. We agree the State's failure to tender the criminal history to the defense before the hearing warrants a new hearing. We therefore reverse and remand for a new hearing.

¶ 2                                                    I. BACKGROUND

¶ 3    On September 26, 2023, the State charged defendant by information with unlawful possession of a weapon by a felon (Class 3) (720 ILCS 5/24-1 (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a) (West 2022)).

¶ 4    A hearing was held on the petition on September 26, 2023. At the hearing, the State relied on a Law Enforcement Agency Data System (LEADS) report it had in its possession and told the court that defendant had a pending aggravated battery charge in Champaign County. Defense counsel noted "there was no criminal history provided to the public defender's office, nor was it filed." The court asked the State whether it had provided the criminal history to the defense, and the State responded that it does not "file LEADS." The court then recognized that "under the [Code], if you have evidence of priors, you do have to disclose that with your discovery. I believe it's a requirement if you are aware of anything." The hearing continued, and the State informed the court of defendant's prior convictions.

¶ 5    During argument, defense counsel reiterated that "no prior criminal history was filed" and if the State "intended to use that as a basis to detain him, [the State] should have filed it as per the [Code]."

¶ 6    The court granted the State's petition. It found defendant posed a real and present threat to the community, based in part on defendant's criminal history. It also found no conditions could be imposed that would mitigate the threat to the community.

¶ 7    This appeal followed.

¶ 8                              II. ANALYSIS

2

¶ 9    On appeal, defendant contends, among other things, he was denied a fair hearing on the State's petition. Specifically, he argues the State improperly relied on defendant's criminal history as its primary basis for detention when it had not "filed or otherwise provided a criminal history" to the defense. Further, defendant asserts the circuit court erred when it allowed the State to use the criminal history over his objection and also used the criminal history to justify defendant's detention.

¶ 10    Section 110-6.1(f)(1) of the Code provides that "[p]rior to the hearing [on the State's petition to deny release], the State *shall* tender to the defendant copies of the defendant's criminal history available." (Emphasis added.) 725 ILCS 5/110-6.1(f)(1) (West 2022). Likewise, section 110-6.1(f)(4) provides, in part, "The State shall tender to the defendant, prior to the hearing, copies, if any, of the defendant's criminal history, if available." *Id.* § 110-6.1(f)(4). The State, however, never tendered a copy to the defense, as is required by the plain text of sections 110-6.1(f)(1) and (f)(4) of the Code.[1] The State nevertheless relied heavily on defendant's criminal history to meet its statutory burdens under paragraphs (2) and (3) of section 110-6.1. *Id.* § 110-6.1(e)(2), (e)(3). The court—after recognizing the Code required the State to tender defendant's criminal history— nevertheless relied on the State's oral presentation of defendant's criminal history to support its findings that defendant was a real and present threat to the community (*id.* § 110-6.1(e)(2)) and that no conditions could mitigate that threat (§ 110-6.1(e)(3)). The State's failure to comply with and the court's failure to hold the State to its obligation warrant a new hearing.

¶ 11    There must be a reason the legislature included in the Code the requirement that the State tender to the defense any available criminal history; otherwise, the legislature would not have

---

[1]Contrary to defendant's contention, the State is not required and is not expected to file defendant's criminal history with the court.

included it in the statute. See *e.g.*, *Kloeppel v. Champaign County Board*, 2021 IL App (4th) 210091, ¶ 17 ("[T]he court may not declare that the legislature did not mean what the plain language of the statute imports." (Internal quotation marks omitted.)). And those purposes are evident: to allow the defense an adequate opportunity to effectively respond to the State's petition to deny release, to ensure the reliability of information presented to the court under the strict timeframes of the Code's pretrial release provisions, and to ensure a defendant receives a fair hearing on the State's petition to deny release. See 725 ILCS 5/110-6.1(f)(2) (The parties may proceed by proffer "based upon *reliable information*." (Emphasis added.)); *id.* § 110-6.1(f)(3) (Defense counsel must be given an adequate opportunity to confer with the defendant before the hearing.); see also *id.* § 110-5(f) ("Prior to the defendant's first appearance, *and with sufficient time for meaningful attorney-client contact to gather information in order to advocate effectively for the defendant's pretrial release*, the court shall appoint [counsel] \*\*\*. Defense counsel *shall have access to the same documentary information* relied upon by the prosecution and presented to the court." (Emphases added.)). Here, the State and the circuit court disregarded the clear language of the Code. As a result, the hearing on the State's petition was deficient. We therefore reverse the circuit court's order and remand for a new hearing on the State's petition.

¶ 12       In reaching this conclusion, we reject the dissent's position that defendant forfeited review of this contention. First, we note the State does not argue that defendant forfeited review of this contention. See *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003) (principles of forfeiture apply equally to the State). In fact, the State offers no response *at all* to defendant's contention that he was denied a fair hearing. More importantly, defendant did not raise this issue for the first time on appeal. When the State began using the LEADS report during the hearing, defense counsel objected, telling the court the State had not filed it or tendered it to the defense. During argument,

4

defense counsel maintained that if the State intended to use defendant's criminal history as a basis for detention, it should have "filed it as per the [Code]." Not only did defense counsel timely object, the circuit court recognized but disregarded the State's clear obligation under the Code. In his notice of appeal[2], defendant argued he "was denied an opportunity for a fair hearing prior to the entry of the order denying *** pretrial release." He explained the basis for that conclusion: the State failed to tender his criminal history before the hearing but nevertheless relied on it, and the circuit court allowed its use over his objection and then relied on it to justify his detention. Under these circumstances, we find this issue was properly preserved for review.

¶ 13                                III. CONCLUSION

¶ 14        For the foregoing reasons, we reverse the judgment of the circuit court of Kankakee County and remand for a new hearing.

¶ 15        Reversed and remanded.

¶ 16        JUSTICE PETERSON, dissenting:

¶ 17        I respectfully dissent. I believe the doctrine of forfeiture, if not waiver (see *People v. Davis*, 2023 IL App (1st) 231856, ¶¶ 37-39), applies to the issue regarding the State's failure to tender defendant's criminal history before the hearing. I further believe the majority ignores the practical aspects of detention hearings and the specific aspects of the hearing at bar. To be clear, I agree that the legislature had a laudable reason for requiring the State to tender a defendant's criminal history before the hearing. I would agree with the majority and remand this cause if defense counsel had asked the court for or argued for *any* remedy for the State's failure to timely tender defendant's criminal history and the court had unreasonably denied such request, but that is not what occurred.

---

[2]Defendant elected to not file a memorandum in this court. See Ill. Ct. R. 604(h)(2) (Sept. 18, 2023) (the appellant may but is not required to file a memorandum).

¶ 18    The majority correctly points out that the State did not argue the forfeiture issue, but argues that as a result, we should not consider the doctrine. I disagree. "[O]ur supreme court has indicated that we may consider the issue of forfeiture *sua sponte*." *Anderson v. Nelsen*, 2023 IL App (4th) 220801, ¶ 112. The court in *Anderson* was referring to, and cited, the supreme court's opinion in *People v. Smith*, 228 Ill. 2d 95, 106 (2008), wherein the court stated "the ascertainment of its own jurisdiction is one of the two most important tasks of an appellate court panel when beginning the review of a case. The other is to determine which issue or issues, if any, have been forfeited." The supreme court went on to state that "[b]y giving careful attention to each of these tasks, a court can avoid the possibly unnecessary expenditure of judicial resources." *Id.* The concern with avoiding the unnecessary expenditure of judicial resources is especially poignant in these pretrial detention matters, considering the significant number of such appeals and the short deadlines imposed for reaching a disposition. Thus, I believe it is particularly important in these matters to honor the procedural default and not expend judicial resources on issues that were not properly raised below.

¶ 19    At the detention hearing, counsel twice pointed out to the court that the State had not tendered the criminal history, but neither time did counsel move to bar its consideration by the court. Counsel merely stated that if the State "intended to use that as a basis to detain him, [the State] should have filed it as per the [Code]." Counsel did not request a continuance for a few minutes, for a few hours, or until the next day, in order to have the opportunity to review such history if she was actually unaware of its contents.[3] Had counsel moved for some sort of relief from the court, the court would then have ruled on such motion and a proper issue framed for

---

[3]Notably, the Code does not provide for a specific time when the criminal history must be provided to a defendant other than that it must be given "[p]rior to the hearing." 725 ILCS 5/110-6.1(f)(1) (West 2022). This means that the State could give the criminal history minutes prior to the hearing, as often occurs, and comply with the Code.

review would be before this court. Counsel tossed out the failure to timely tender the criminal history and then remained silent on what this meant or what remedy should result. The defense has forfeited the arguments raised on appeal because they were not made to the trial court. See *People v. Estrada*, 394 Ill. App. 3d 611, 626 (2009) ("It is axiomatic that arguments may not be raised for the first time on appeal."). I note that this issue would likely not be before us had the trial court simply asked defense counsel if she was asking for a remedy from the court and obtained an answer which then could have been considered by this court, but that is inapposite. Thus, I would rule that these arguments are forfeited and I would opine actually intentionally waived by defense counsel, as will be discussed.

¶ 20      I now discuss the practical facts and circumstances that bear on the issue of waiver. Had counsel moved to bar or asked for a continuance, the court would likely have granted a continuance[4] and the hearing would have been reconvened with counsel having reviewed her client's criminal history and the history would have been further examined by the court. However, she chose not to so move. The record in this appeal includes the transcript of the second detention hearing, which occurred approximately two weeks after the original hearing, where the court again considered whether detention was appropriate pursuant to the statute. During that hearing counsel made certain arguments for the defendant's release but did not say a single word about the details or substance of her client's criminal history. Nor did counsel argue that any of the representations made during the State's proffer regarding defendant's criminal history at the original hearing, which included convictions for aggravated unlawful use of a weapon, domestic battery, and mob action, were inaccurate. This includes the representation that defendant was on bond or pretrial release on an aggravated battery charge in Champaign County. Counsel clearly did not want to

_____

[4]Again, if the court had refused to order all requested remedies for the State's failure to timely tender the criminal history, I would remand.

touch her client's criminal history with a proverbial ten-foot pole at the detention hearing. What this demonstrates by reasonable inference is that counsel intentionally declined to ask for any remedy at the first hearing which would likely have resulted in more attention being drawn to her client's criminal record and then didn't raise any factual issues regarding what was contained in that history at the second hearing. This was sound trial strategy and, arguably, good lawyering. This is why I would opine that counsel's failure to move to bar or for time to examine the criminal history and silence on the issue of a proper remedy at the original hearing was actually waiver, not just a forfeiture. See *Davis*, 2023 IL App (1st) 231856, ¶¶ 37-39; see also *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 326 (2004) (waiver is the "intentional relinquishment of a known right").

¶ 21     The majority apparently considers counsel's comments a motion to bar the criminal history. I disagree. So what is this matter being remanded for the court to do? Rule on the State's petition without considering the State's proffer? Or hear the petition again considering the State's proffer with the defense now having had the opportunity to review defendant's criminal history and argue the impact of the criminal history on the court's decision? The trial court has already reexamined this issue at the second detention hearing, at which counsel chose to remain silent regarding her client's criminal history. This court now remands this matter for a thorough delve into defendant's criminal history, which trial counsel has refused to ask for (twice) and clearly does not want. I would also find that the State satisfied its burden on all issues and that the court did not abuse its discretion by granting the State's petition. I would affirm. Thus, I respectfully dissent.