2024 IL App (1st) 240299

No. 1-24-0299B

Opinion filed May 1, 2024

Fifth Division

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23111491701 |
| | ) | |
| MARQUISE RAMYYEH, | ) | Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mikva and Lyle concurred in the judgment.

**OPINION**

¶ 1     Defendant Marquise Ramyyeh was charged with armed robbery with a firearm, and upon the State's petition, detained while awaiting trial. Ramyyeh now appeals the circuit court's detention order and contends that he was denied an opportunity for a fair detention hearing where the prosecutor failed to tender to the defense certain information, as required by section 110-6.1(f)(1) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(f)(1) (West 2022)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Specifically, Ramyyeh argues that he was entitled to: (1) the video recorded statements of the complaining witnesses, not merely summaries of those

statements; and (2) any and all police reports in the prosecutor's possession at the time of his detention hearing, including reports from a prior conviction, regardless of whether the defense had access to those reports through other means. For the reasons that follow, we reverse the circuit court's detention order and remand the matter for a new detention hearing.

¶ 2                                    I. BACKGROUND

¶ 3     Ramyyeh and three codefendants were charged with armed robbery with a firearm. Thereafter, the State filed a verified petition to detain Ramyyeh pretrial based on a theory of dangerousness. At the beginning of Ramyyeh's detention hearing, his defense counsel noted that she had received a copy of the State's petition, the original arrest report, the original case incident report, supplemental reports, his criminal background, an inventory list from the Chicago Police Department, three statements made by the complaining witnesses and a statement made by one of his codefendants. Counsel observed that the complaining witnesses made their statements in video recorded interviews, but that the prosecutor only tendered written summaries of those interviews. At the bottom of two of those summaries, they noted: "See interview for the entire statement." Although the third summary did not contain that notation, it did note the statement was video recorded. Counsel argued that, under section 110-6.1(f)(1) of the Code (725 ILCS 5/110-6.1(f)(1) (West 2022)), the defense was entitled to the entirety of the statements. In response, the prosecutor asserted that the State did not have access to the video recorded statements and only had access to the summaries. Therefore, according to the prosecutor, all the State could tender to the defense were the summaries. The court agreed with the prosecutor that the State's obligation under section 110-6.1(f)(1) of the Code was to tender only what was in its possession, and thus, the court found the State complied with the disclosure requirements.

¶ 4    The prosecutor subsequently proffered that, at around 9 a.m. on December 6, 2023, Ramyyeh and his three codefendants arrived at a construction site in a stolen black Jeep. Three of them jumped out of the vehicle wearing black masks and robbed three workers of their equipment at gunpoint. One piece of equipment contained a GPS tracking device, which led responding officers to the location of Ramyyeh and his codefendants, who were sitting in the Jeep no more than 20 minutes after the robbery. After a foot chase, officers detained Ramyyeh and his codefendants. The officers brought the victims to the scene, and two of them identified Ramyyeh as one of the armed robbers based on his face and clothing. Upon searching Ramyyeh, officers recovered a key fob belonging to the Jeep. Officers also recovered one firearm from the Jeep, two firearms nearby and four black masks.

¶ 5    Later during the hearing, when the prosecutor discussed Ramyyeh's criminal history, the prosecutor asserted that Ramyyeh was on parole for an aggravated unlawful use of a weapon conviction. As the prosecutor attempted to discuss the specifics of that case, apparently using an arrest report from the case, defense counsel objected and asserted that she had not received any information about the specifics of his prior case. Counsel, an assistant public defender, argued that, while the office of the Cook County public defender might have information about Ramyyeh's prior case through past representation, section 110-6.1(f)(1) of the Code obligated the prosecutor to tender any police reports in his possession and relied upon in the detention hearing. The circuit court, however, remarked that adult criminal cases were public and given the resources of the Cook County public defender's office, counsel could have obtained the report. As such, the court found that the prosecutor did not violate section 110-6.1(f)(1) of the Code. The prosecutor continued and discussed the facts underlying Ramyyeh's prior aggravated unlawful use of a weapon conviction,

in which he discarded a firearm during a police chase. The prosecutor also noted that Ramyyeh had prior juvenile adjudications for burglary and possession of a stolen motor vehicle.

¶ 6       Ultimately, the circuit court found in a written order that the proof was evident, or the presumption great, Ramyyeh committed armed robbery. The court concluded that Ramyyeh posed a real and present threat to the safety of the community because he pointed a gun at three people and robbed them of their equipment while being on parole for aggravated unlawful use of a weapon with two prior juvenile adjudications. Finally, the court asserted no condition or combination of conditions could mitigate that threat because Ramyyeh was part of a robbery crew, who robbed three people in broad daylight at gunpoint. The court added orally during the hearing that, if being on parole was "not encouragement enough," it was "doubtful of any conditions" that would be appropriate for him. The court therefore granted the State's petition to detain Ramyyeh pretrial.

¶ 7       This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9       Ramyyeh contends that he was denied an opportunity for a fair detention hearing where he was entitled to: (1) the video recorded statements of the complaining witnesses, not merely summaries of those statements; and (2) any and all police reports in the prosecutor's possession at the time of his detention hearing, including reports from a prior conviction, regardless of whether the defense had access to those reports through other means.

¶ 10      Both issues in this case require us to interpret section 110-6.1(f)(1) of the Code (725 ILCS 5/110-6.1(f)(1) (West 2022)), which provides that, prior to a detention hearing:

>    "the State shall tender to the defendant copies of the defendant's criminal history
>
>    available, any written or recorded statements, and the substance of any oral

statements made by any person, if relied upon by the State in its petition, and any

police reports in the prosecutor's possession at the time of the hearing."

In interpreting a statute, our primary objective is to determine and give effect to the legislature's intent. *People v. Schoonover*, 2021 IL 124832, ¶ 39. In doing so, the best indicator is the plain language of the statute. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). "In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it." *Id.* If the statute's language is unambiguous and clear, we must apply the statute as written. *Id.* "We do not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *Id.* at 324-25. We review issues of statutory interpretation *de novo*. *People v. Stoecker*, 2014 IL 115756, ¶ 21.

¶ 11      Two cases, *People v. Chapman*, 2024 IL App (1st) 231879-U and *People v. Morales*, 2023 IL App (2d) 230334, are instructive in discussing the State's disclosure requirements under section 110-6.1(f)(1) of the Code.[1] In *Chapman*, 2024 IL App (1st) 231879-U, ¶¶ 6, 9, 20, during the prosecutor's proffer in a detention hearing, she referred to surveillance video that was never tendered to the defense, though she tendered a summary of the video. On appeal, the defendant contended that he was entitled to the surveillance video itself under section 110-6.1(f)(1) of the Code. *Id.* ¶ 18. After noting the language of that subsection, the appellate court asserted that the subsection was "clear that the State is required to tender only reports and information in its possession if relied upon by the State in its petition." *Id.* ¶ 21. As the prosecutor "represented that

---

[1] Under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023), unpublished Rule 23 orders filed on, or after, January 1, 2021, "may be cited for persuasive purposes."

the video was in police custody, and not in the possession of the State," the appellate court found that the prosecutor complied with section 110-6.1(f)(1) of the Code. *Id.*

¶ 12 In *Morales*, 2023 IL App (2d) 230334, ¶ 2, the defendant's case was being co-prosecuted by the Lake County State's Attorney and the Illinois Attorney General. Prior to the detention hearing, the Lake County State's Attorney's Office tendered all information to the defense that it relied on in filing the detention petition. *Id.* ¶ 7. On appeal, the defendant contended that the Lake County State's Attorney's Office had to tender not just what it relied on in filing the petition, but also all relevant documents in its possession or the possession of the Illinois Attorney General. *Id.* ¶¶ 6-7. The appellate court rejected such a broad disclosure obligation and instead concluded that the Lake County State's Attorney's Office "was required to disclose only the information that it relied upon in filing the petition to deny pretrial release." *Id.* ¶ 8. As the Lake County State's Attorney's Office "disclosed all the information it relied upon in filing its petition," the appellate court found that it complied with section 110-6.1(f)(1) of the Code. *Id.*

¶ 13 Together, *Chapman* and *Morales* instruct that, under section 110-6.1(f)(1) of the Code, the State only must tender to the defense "reports and information in its possession" (*Chapman*, 2024 IL App (1st) 231879-U, ¶ 21) and "relied upon in filing the petition to deny pretrial release." *Morales*, 2023 IL App (2d) 230334, ¶ 8.

¶ 14 A. Video Recorded Statements

¶ 15 With the construction of section 110-6.1(f)(1) of the Code, as analyzed by *Morales* and *Chapman*, in mind, we turn to Ramyyeh's argument that he was entitled to the video recorded statements of the complaining witnesses, not merely summaries of those statements, under section 110-6.1(f)(1) of the Code. In the present case, as in *Chapman*, the prosecutor asserted that the State did not have possession of the video recorded statements and only had possession of the

summaries. As the State did not have possession of the video recorded statements, the prosecutor had no obligation to tender them. See *Chapman*, 2024 IL App (1st) 231879-U, ¶ 21.

¶ 16    Nevertheless, Ramyyeh asserts that, based on the plain language of section 110-6.1(f)(1), the State must tender a video recorded statement if it relies upon that statement regardless of if it has possession of the statement. However, to construe section 110-6.1(f)(1) as such would be inconsistent with section 110-6.1(f)(4) of the Code (725 ILCS 5/110-6.1(f)(4) (West 2022)). Although that section initially discusses the process and standards for the defense to compel the testimony from a complaining witness, it also provides that: "The State shall tender to the defendant, prior to the hearing, copies, if any, of the defendant's criminal history, if available, and any written or recorded statements and the substance of any oral statements made by any person, if in the State's Attorney's possession at the time of the hearing." *Id.* To find under section 110-6.1(f)(1) that Ramyyeh was entitled to the video recorded statements from the complaining witnesses despite them not being in the State's possession would conflict with the language of section 110-6.1(f)(4) and prevent the two subsections from being harmonious. See *People v. Maya*, 105 Ill. 2d 281, 286 (1985) (asserting "it is presumed that statutes which relate to one subject are governed by one spirit and a single policy, and that the legislature intended the enactments to be consistent and harmonious").

¶ 17    While the State is required to tender the video recorded statements of the complaining witnesses under the normal rules of discovery (see Ill. S. Ct. R. 412(a)(i) (eff. Mar. 1, 2001)), "[t]he pre-trial detention hearing is not to be used for purposes of discovery, and the post arraignment rules of discovery do not apply." 725 ILCS 5/110-6.1(f)(4) (West 2022). Because the State did not have possession of the video recorded statements, the prosecutor had no obligation

to tender them. See *Chapman*, 2024 IL App (1st) 231879-U, ¶ 21. Consequently, the State did not violate section 110-6.1(f)(1) of the Code.

¶ 18                                  B. Police Reports in the Prosecutor's Possession

¶ 19     We next address Ramyyeh's argument that he was entitled to any and all police reports in the prosecutor's possession at the time of his detention hearing, including reports from a prior conviction, regardless of whether the defense had access to those reports through other means. As noted, under section 110-6.1(f)(1) of the Code (725 ILCS 5/110-6.1(f)(1) (West 2022)), prior to a detention hearing, "the State shall tender to the defendant copies of *** any police reports in the prosecutor's possession at the time of the hearing." Ramyyeh acknowledges that the Cook County State's Attorney's Office, as the prosecuting entity responsible for all criminal charges in Cook County, would likely have every single police report from every past criminal encounter with a particular defendant in its possession. But he does not claim a defendant is entitled to every single police report from every past criminal encounter. Rather, Ramyyeh posits that, on the day of a particular defendant's detention hearing, if the prosecutor handling the hearing has police reports in his or her possession, all of those reports must be tendered to the defense prior to the hearing. In turn, Ramyyeh posits that the prosecutor should have disclosed the arrest report of his prior aggravated unlawful use of a weapon conviction used during his detention hearing.

¶ 20     We agree with Ramyyeh that the prosecutor should have tendered the police report from his prior aggravated unlawful use of a weapon case. The prosecutor indisputably had possession of the report and relied on the report during the detention hearing. As such, based on *Chapman* and *Morales*, the prosecutor had an obligation to tender that report to the defense. See *Chapman*, 2024 IL App (1st) 231879-U, ¶ 21; *Morales*, 2023 IL App (2d) 230334, ¶ 8. It is true that the defense may have had access to the report through other means, whether due to the resources of

the Cook County public defender's office or through the prior representation of Ramyyeh in that case. But the possibility of access did not obviate the requirement that the prosecutor tender to the defense a police report that he had in his possession and relied on during the detention hearing. See 725 ILCS 5/110-6.1(f)(1) (West 2022). Consequently, the prosecutor did not comply with section 110-6.1(f)(1) of the Code.

¶ 21    As for the remedy for the prosecutor's noncompliance, relying on *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, Ramyyeh requests that we vacate his detention order and remand the matter for a new hearing to determine the least restrictive conditions of release. In *McCarthy-Nelson*, the circuit court failed to hold a hearing on the State's petition for pretrial detention within 48 hours of the defendant's initial appearance, as required by the Act. *Id.* ¶¶ 11-13. Given this noncompliance, the appellate court concluded that the proper remedy was to remand the case back to the circuit "court for the purpose of promptly holding a hearing to determine the least restrictive conditions of [the] defendant's pretrial release." *Id.* ¶ 18. The appellate court noted that, if it "allow[ed] the State to again petition the court to deny [the] defendant pretrial release on remand, it would have little incentive to comply with the timing requirements of the statute in other cases," and therefore, "[t]here would be no consequence for its failure to comply with the unambiguous language of the statute." *Id.*

¶ 22    We disagree that such a drastic remedy is warranted in this case due to the prosecutor's noncompliance with section 110-6.1(f)(1) of the Code. In *People v. Mezo*, 2024 IL App (3d) 230499, the appellate court discussed the appropriate remedy for noncompliance with section 110-6.1(f)(1) of the Code. There, the State failed to tender the defense copies of the defendant's available criminal history, as required by section 110-6.1(f)(1) of the Code, thus rendering the defendant's hearing deficient. *Id.* ¶¶ 10-11. As for the remedy for the State's noncompliance, the

appellate court reversed the circuit court's detention order and remanded the case for a new hearing on the State's petition. *Id.* ¶ 11. As such, following *Mezo*, based on the prosecutor's noncompliance with section 110-6.1(f)(1) of the Code, we reverse the circuit court's detention order and remand the matter for a new detention hearing on the State's petition.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand for a new detention hearing.

¶ 25    Reversed and remanded.

*People v. Ramyyeh*, **2024 IL App (1st) 240299**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23111491701; the Hon. Maryam Ahmad, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Tressa Palcheck, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (David H. Iskowich, Assistant State's Attorney, of counsel), for the People. |