NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 241483-U

NO. 4-24-1483

IN THE APPELLATE COURT

FILED
February 25, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| RYAN JAMES HARMON, | ) | No. 23CF822 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court affirmed, finding the (1) the State properly filed its initial petition to deny pretrial release without notice prior to defendant's first appearance and (2) defendant failed to show his detention hearing exceeded the 48-hour limitation under the Code of Criminal Procedure of 1963 (725 ILCS 5/110 *et seq.* (West 2022)).

¶ 2     Defendant, Ryan James Harmon, appeals the trial court's order denying his motion for relief from pretrial detention pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.* (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly referred to as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act). On appeal, defendant argues the court erred because (1) the State impermissibly filed its petition on November 3, 2023, and (2) he was not afforded a detention hearing within the 48-hour time requirement under the Code. We affirm.

¶ 3                                                I. BACKGROUND

¶ 4            On November 3, 2023, defendant was charged with 15 counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2018)) and 15 counts of aggravated criminal sexual abuse (*id.* § 5/11-1.60(d)) for performing various acts of sexual penetration upon L.H.H. (born December 2005) between the dates of January 1, 2019, and December 31, 2021. On that same date, the trial court determined there was probable cause, an arrest warrant for defendant was issued, and the State filed a petition to deny defendant's pretrial release. According to the docket entry for November 4, 2023, defendant appeared in court in custody for a first appearance, wherein he waived a formal arraignment and was appointed counsel. Defendant was then remanded into custody. No transcript for this date was provided in the record on appeal. On November 6, 2023, the State filed an amended petition to deny defendant pretrial release. That same day, a hearing on the State's petition was held.

¶ 5            At the detention hearing, the State proffered defendant was currently on probation in Rock Island County case No. 22-CF-71 after having pleaded guilty to aggravated assault. In that case, a minor child called the police, believing defendant had violated an order of protection by being at their home and was "beating her mother." The mother came to the door, and officers observed injuries to her face. The mother denied defendant was present at the home. Officers performed a safety check and found defendant barricaded in a closet. Defendant came out of the closet pointingwhat appeared to be a gunat them, and they tased defendant. The gun ended up being a BB gun. Defendant apologized for pointing it at the officers.

¶ 6            Defendant had a pending charge for a misdemeanor violation of an order of protection in Rock Island County case No. 23-CM-352. When police were executing an arrest warrant for defendant in that case, defendant fled the residence with a rifle in his hand. Despite

lawful orders to stop, defendant continued to flee into the Rock River. Defendant was eventually arrested, and the rifle was determined to be a pellet gun. Additionally, in October 2020, while police were attempting to serve an arrest warrant on defendant, he fled officers until he was eventually subdued and taken into custody. The State proffered defendant has repeatedly stated to law enforcement and his own family that he refused to go to jail and made suicidal statements. In his most recent arrest, defendant stated he "thought about arming himself and 'getting it how ya live,' " which the State argued was slang for doing "anything necessary to kill or be killed."

¶ 7    Regarding the present charges, the State proffered L.H.H. came to the Rock Island Police Department to file charges against defendant for sexually abusing her. An interview was conducted by the Rock Island County Children's Advocacy Center. L.H.H. alleged, from 2019 through 2021, defendant began to groom L.H.H. and that progressed to daily sexual abuse. All of the alleged actions by defendant occurred while L.H.H. was at least 13 but under 18 years old and defendant was between the ages of 37 and 40 years old. Defendant initially told L.H.H. " 'It's okay for dads and daughters to cuddle.' " He would "caress[ ]" L.H.H. over her clothes. Eventually, he began committing acts of sexual penetration upon L.H.H. that included him putting his finger and tongue in L.H.H.'s vagina and putting his penis in L.H.H.'s vagina, anus, and mouth. Defendant would commit said acts while L.H.H.'s mother was at work and he "was in charge of the house and the children." The acts occurred in L.H.H.'s bedroom, so defendant could keep watch through L.H.H.'s window in case her mother returned home from work.

¶ 8    Facebook provided the Rock Island County Sheriff's Office with an "[Internet Crimes Against Children Task Force Program] tip," stating they were in possession of suspected child pornography from L.H.H.'s Facebook account. Defendant used L.H.H.'s cell phone to record video, take pictures of his actions with L.H.H., and send them to himself through the

Facebook Messenger service. A video showed defendant putting his penis in L.H.H.'s mouth. L.H.H. identified herself and defendant from still photos taken from two videos sent through Facebook Messenger.

¶ 9 The State contended defendant's previous actions demonstrated he sought "suicide by cop." The State also argued he was a flight risk and posed a real and present danger.

¶ 10 Defendant argued there had been no alleged actions regarding his current charges involving L.H.H. for the last couple of years. Further, he had not possessed an actual firearm in the alleged previous incidents and never used them against officers. Defendant noted people flee from the police for reasons of fear, not just to thwart justice, and he does not have a history of escape or fleeing and eluding charges. Defendant stated L.H.H. no longer lived in the area and home confinement would be a viable option. He also argued for mental health treatment and a no-contact order.

¶ 11 The trial court found the State had met its burden by clear and convincing evidence to show the proof was evident and presumption great defendant committed a qualifying offense for pretrial detention. Based on defendant's history and characteristics, the court found no conditions of pretrial release could reasonably ensure the safety of the general public, L.H.H., or defendant himself. The court, based on defendant's history of fleeing, stated, "[Defendant has] clearly shown a history of being a danger to himself and others, so he's detained on both dangerousness and risk of flight."

¶ 12 The trial court granted the State's petition and denied defendant pretrial release. Defendant appealed prior to the changes to Illinois Supreme Court Rule 604(h) (eff. April 15, 2024) going into effect. This court affirmed. See *People v. Harmon*, No. 4-23-1208 (Jan. 22, 2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)(7)).

- 4 -

¶ 13 In August 2024, while still represented by counsel, defendant filed a *pro se* motion for relief. In his motion, defendant argued the State impermissibly filed its petition on November 3, 2023, "without ever being present in a court of law, in front of a judge, or with [defendant's] knowledge or presence so [that he] may object." In support, defendant cited section 110-6.1(c)(1) of the Code. See 725 ILCS 5/110-6.1(c)(1) (West 2022). Defendant also argued he was denied the right to a detention hearing within 48 hours because his detention hearing did not occur until November 6, 2023, or 72 hours after the State filed its petition on November 3, 2023. Specifically, he alleged his initial appearance occurred at 9:03 a.m. on November 4, 2023, but his detention hearing did not occur until 1:30 p.m. on November 6, 2023. In support, defendant cited section 110-6.1(c)(2) of the Code (*id.* § 5/110-6.1(c)(2)) and this court's decision in *People v. Howard*, 2024 IL App (4th) 240398-U. Lastly, defendant argued there were various defects in court filings related to the State's petitions, such as a blank caption, a police report unrelated to defendant's case, and a name other than defendant's.

¶ 14 On November 19, 2024, defendant's counsel moved to withdraw. On August 27, 2024, the trial court granted counsel's motion to withdraw, and defendant was permitted to proceed *pro se*. A hearing on defendant's motion for relief was held on October 22, 2024.

¶ 15 At the hearing, the trial court noted the process for filing petitions was followed and local court rules required defendant to be appointed counsel upon the State filing a petition to deny pretrial release. Regarding the court filings, the court attributed the issue to a scrivener's error, which had been corrected. The court denied defendant's motion. Defendant requested the appointment of counsel, which the court granted. On November 20, 2024, defendant, through counsel, filed a notice of appeal from the court's denial of his motion for relief.

¶ 16 This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18            We begin by noting, on January 16, 2025, the Office of the State Appellate

Defender, defendant's appointed counsel on appeal, filed a notice with this court indicating it

was not filing a Rule 604(h) memorandum. In such a case, Rule 604(h)(7) states, defendant's

"motion for relief will serve as the argument of the appellant on appeal." Ill. S. Ct. R. 604(h)(7)

(eff. April 15, 2024). Therefore, we will examine the arguments set forth in defendant's motion

for relief.

¶ 19            Under the Code, it is presumed all criminal defendants are entitled to pretrial

release, subject to certain conditions. 725 ILCS 5/110-2(a) (West 2022). When the trial court,

presiding over a detention hearing, is presented with live witness testimony, we review the

court's decision under the manifest weight of the evidence standard. *People v. Morgan*, 2025 IL

130626, ¶ 54. When the parties proceed solely by proffer at the detention hearing, we review the

court's decision *de novo*. *Id.* In this case, the parties proceeded by proffer; therefore, we must

apply a *de novo* standard of review to the trial court's detention decision.

¶ 20            On appeal, the State contends the trial court properly decided to deny defendant

pretrial release under the dangerousness standard. However, defendant does not challenge the

court's ultimate detention decision. Rather, defendant argues the court erred when it denied his

pretrial release because (1) the State impermissibly filed its petition on November 3, 2023, and

(2) he was not afforded a detention hearing within the 48-hour time requirement under the Code.

In support, defendant cites the Code and this court in *Howard*.

¶ 21            The portion of the Code defendant cites is as follows:

              "(c) Timing of petition.

                      (1) A petition may be filed without prior notice to

the defendant at the first appearance before a judge, or within the 21 calendar days, except as provided in Section 110-6, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained.

(2) Upon filing, the court shall immediately hold a hearing on the petition unless a continuance is requested. If a continuance is requested and granted, the hearing shall be held within 48 hours of the defendant's first appearance if the defendant is charged with first degree murder or a Class X, Class 1, Class 2, or Class 3 felony, and within 24 hours if the defendant is charged with a Class 4 or misdemeanor offense. The Court may deny or grant the request for continuance. If the court decides to grant the continuance, the Court retains the discretion to detain or release the defendant in the time between the filing of the petition and the hearing." 725 ILCS 5/110-6.1(c)(1), (2) (West 2022).

¶ 22    "The primary objective of statutory construction is to ascertain and give effect to the legislature's intent." *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* "The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one

- 7 -

way or another." *Id.* "Issues requiring statutory interpretation are questions of law subject to *de novo* review." *Id.*

¶ 23    Defendant's initial contention is the State filed its original petition to deny his pretrial release on November 3, 2023, prior to his first appearance on November 4, 2023. We observe section 110-6.1(c)(1) permits the State to file its petition "without prior notice to the defendant at the first appearance before a judge." 725 ILCS 5/110-6.1(c)(1) (West 2022). Defendant interprets this section to mean the State could not file its petition until the date of his first appearance before a judge on November 4. When a reviewing court interprets a statute, it "should be construed so that no word or phrase is rendered superfluous or meaningless." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Under defendant's view, the Code would require the State to file its petition within a very precise moment in time relevant to when a defendant appears in court before a judge and would make the phrase "without prior notice to the defendant" (725 ILCS 5/110-6.1(c)(1) (West 2022)) entirely meaningless. Accordingly, we decline to adopt defendant's interpretation of section 110-6.1(c)(1).

¶ 24    Next, defendant contends the failure to hold his detention hearing until 48 hours after his initial appearance requires reversal of the trial court's detention decision. In his motion for relief, defendant alleges his initial appearance occurred at 9:03 a.m. on November 4, 2023, but his detention hearing did not occur until 1:30 p.m. on November 6, 2023. Defendant cites section 110-6.1(c)(2) of the Code and this court in *Howard*.

¶ 25    In *Howard*, regarding section 6.1(c)(2), we stated:

"This section is clear and unambiguous. *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶ 11. It requires the trial court to hold a hearing on the State's petition

'immediately' if no continuance is requested, or, if a continuance is requested, 'within 48 hours of the defendant's first appearance' when the defendant is charged with a Class X, Class 1, Class 2, or Class 3 felony." *Howard*, 2024 IL App (4th) 240398-U, ¶ 14.

¶ 26 Pursuant to section 110-6.1(c)(2) of the Code and as we stated in *Howard*, when the State files a petition, the trial court is required to hold a detention hearing immediately when no continuance is requested or within 48 hours of the initial appearance where a continuance is requested and granted. Here, the State filed its initial petition on November 3, 2023. Filed with the State's initial petition was a notice for a detention hearing to occur on November 6, 2023. Defendant's initial appearance occurred on November 4, 2023. No detention hearing occurred immediately upon the filing of the State's initial petition. A mittimus order from November 4 shows a detention hearing was ordered for November 6, 2023, at 1:30 p.m., and a preliminary hearing was scheduled for November 21, 2023. The docket entry shows defendant appeared in court and in custody for his first appearance on November 4, wherein he waived formal arraignment, the public defender was appointed, and defendant was remanded into custody.

¶ 27 Section 110-6.1(c)(2) permits a continuance in order to hold a detention hearing up to 48 hours after the first appearance. 725 ILCS 5/110-6.1(c)(2) (West 2022)). Defendant alleges the detention hearing did not occur until November 6 at 1:30 p.m. This is corroborated by the record, where the transcript from the detention hearing states the "proceeding commenced at 1:48 p.m." However, it is unclear from this record when the first appearance actually occurred. Defendant alleges the first appearance occurred at 9:03 a.m. on November 4. However, defendant does not provide any corroborating evidence for when the first appearance occurred. For example, defendant did not provide a transcript for the first appearance. "It is generally the

appellant's burden to properly complete the record on appeal." *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 24. "Any doubts arising from the incompleteness of the record will be construed against the appellant and in favor of the judgment rendered in the lower court." *Id.* We also note defendant's motion for relief, where he alleges the time of his first appearance is not a sworn statement. Finally, "[w]e presume the [trial] court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 14. Given we have no way to determine when the first appearance occurred, we cannot say his detention hearing occurred more than 48 hours thereafter. Therefore, we find defendant has failed to show his detention hearing did not comply with timing requirements under the Code. See *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44 (noting the appellant bears the burden of persuasion as to his or her claims of error).

¶ 28            Finally, defendant's contentions about the court filings pertaining to the State's petition are unsupported by the record on appeal. Defendant does not explain how he has been prejudiced by the alleged errors, which the trial court described as scrivener's errors. As a reviewing court, "we cannot be expected to formulate an argument for defendant out of whole cloth, and we decline to do so." *Inman*, 2023 IL App (4th) 230864, ¶ 13. Nor does he identify any legal authority that would entitle him to relief from the alleged errors. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Id.*

¶ 29                                    III. CONCLUSION

¶ 30            For the reasons stated, we affirm the trial court's judgment.

¶ 31          Affirmed.