NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 241088-U

NO. 4-24-1088

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| SCOTTY M. BRUKETTA, | ) | No. 23CF183 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err in revoking defendant's pretrial release.

¶ 2   Defendant, Scotty M. Bruketta, appeals the circuit court's order revoking his pretrial release under section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                               I. BACKGROUND

¶ 4   This case is an appeal from a July 30, 2024, order revoking defendant's pretrial release under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). On appeal, defendant argues the doctrine of *res judicata* bars the revocation of his release. Defendant

contends the same proffered facts and circumstances were considered the day before when the circuit court entered a final judgment on the State's petition to deny him pretrial release under section 110-6.1(a) of the Code (*id.* § 110-6.1(a)).

¶ 5 In August 2023, defendant was charged with aggravated battery (720 ILCS 5/12-3.05(c) (West 2022)) before the effective date of the Pretrial Fairness Act. Bond was set at $30,000, 10% to apply. Defendant posted bail and was released. The aggravated-battery case is Fulton County case No. 23-CF-183, the case from which this appeal is taken.

¶ 6 In a separate case (Fulton County case No. 24-CF-147), defendant was charged in June 2024 with aggravated fleeing or attempting to elude a peace officer while speeding at least 21 miles per hour over the speed limit (625 ILCS 5/11-204.1(a)(1) (West 2022)). This charge is a Class 4 felony. *Id.* § 11-204.1(b). On that same day, defendant was charged with six other traffic offenses, including 3 Class A misdemeanor offenses. Two of the three misdemeanors charged were driving on a revoked license (*id.* § 6-303) and speeding over 35 miles per hour above the speed limit (*id.* § 11-601.5(b)). Fulton County case No. 24-CF-147 is not a subject of this appeal.

¶ 7 On July 2, 2024, a warrant was issued for defendant's arrest in Fulton County case No. 23-CF-183. Defendant was in custody on July 29, 2024, when the State, using a preprinted form, filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(1) of the Code. 725 ILCS 5/110-6.1(a)(1) (West 2022). A case number beginning with "23" appears in the caption. The State checked the box alleging defendant was charged with a detainable offense under section 110-6.1(a)(1). *Id.* Under text stating "[t]he additional grounds upon which the defendant should be denied pretrial release," the State added the charges pending in Fulton County case No. 24-CF-147.

¶ 8 Also on July 29, 2024, the circuit court held a hearing on the State's petition to

deny pretrial release. Judge Bruce C. Beal presided. The court began the hearing by stating both Fulton County cases were before him. The State began by proffering facts related to the aggravated-battery charge. According to that statement, an officer was dispatched to Jack's Bar just after midnight on August 26, 2023. Upon arrival, the officer observed a bleeding victim on the ground. Witnesses stated defendant struck the victim and fled. The State proceeded with arguing defendant was a threat to himself and others. The State pointed to the charges in Fulton County case No. 24-CF-147 as proof defendant would not follow court orders.

¶ 9        Defendant testified on his own behalf. According to defendant, he was working "[o]ff and on" and would continue to do so if released. Defendant averred he would appear at court hearings and comply with a substance-abuse evaluation and the subsequent recommendations. Defendant further asserted he would work with a probation officer and "jump through any and all hoops the Court wishe[d] to impose."

¶ 10        At the close of the hearing, the circuit court found the State did not sufficiently prove no conditions could mitigate the real and present danger defendant poses. Among the conditions ordered by the court were a substance-abuse evaluation and an electronic ankle monitoring device. On its written order reflecting its oral ruling, the court listed both cases in the caption.

¶ 11        On July 30, 2024, one day after the circuit court denied the State's petition to deny pretrial release, the State filed a verified petition to revoke or modify pretrial release conditions under section 110-6 of the Code. 725 ILCS 5/110-6 (West 2022). The caption at the top of its petition shows the petition refers to case No. 23-CF-183. The State alleged "the defendant who is on pretrial release for a felony or Class A misdemeanor and is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial

release" and "no condition or combination of conditions of release would reasonably assure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or class A misdemeanor."

¶ 12    That same day, a hearing was held before trial judge Thomas B. Ewing on the State's petition to revoke. At the start of the hearing, defense counsel reported he was appointed to represent defendant, starting with what he referred to as the hearing on Fulton County case No. 24-CF-147 held the day before. The State asserted, for "a clear record," it filed the day before a petition to detain in Fulton County case No. 24-CF-147, and such petition could not be granted on the charge of aggravated fleeing or attempting to elude a peace officer. The State then asserted the petition to revoke was filed in Fulton County case No. 23-CF-183.

¶ 13    At that hearing, the State summarized the evidence supporting its charge for aggravated fleeing or attempting to elude a peace officer. According to the State's proffer, in committing the offense, defendant drove at a speed exceeding 100 miles per hour, 45 miles per hour over the speed limit.

¶ 14    Defense counsel, noting the State was represented by different counsel from the state's attorney's office at the hearing on July 29, 2024, again characterized the July 29, 2024, hearing as dealing with Fulton County case No. 24-CF-147. Counsel argued the hearing that day involved the same facts, information, and argument as what was before the court on July 30, 2024. Counsel argued the petition to revoke is barred by *res judicata* or collateral estoppel.

¶ 15    The State countered by again stating the petition to detain was filed in Fulton County case No. 24-CF-147 and not Fulton County case No. 23-CF-183. The State argued they were two separate cases with two separate outcomes.

¶ 16    At the hearing, defendant testified he would attend court and comply with any

terms of release. The circuit court did not believe him and granted the State's petition to revoke. The court implicitly rejected defense counsel's argument regarding collateral estoppel and *res judicata* by noting the petition to revoke "has to do with the '23 case."

¶ 17 Defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). In his motion, defendant asserted the State's petition to revoke was on "the same evidence and argument previously presented" and, based on that evidence and argument, the circuit court found less restrictive means than detention were available but, despite no change in circumstances, that was no longer the case on the petition to revoke.

¶ 18 The circuit court denied the motion for relief.

¶ 19 This appeal followed.

¶ 20 II. ANALYSIS

¶ 21 On appeal, defendant's sole challenge to the order revoking his pretrial release is his contention *res judicata* bars the State's petition to revoke and the circuit court's subsequent order. Defendant contends the same issues were litigated the day before the revocation hearing when the State filed a petition to deny pretrial release in Fulton County case No. 23-CF-183 and Judge Beal denied that petition. Defendant concludes we should find the equitable doctrine of *res judicata* prevents the State from making another attempt to detain him based on the same facts and circumstances Judge Beal ruled upon in his favor.

¶ 22 The State counters by first emphasizing the petition to deny pretrial release involved two separate cases and two separate statutory provisions by which it could seek pretrial detention. The State further maintains the decision to revoke defendant's release is supported by the record.

¶ 23 Underlying the State's claim *res judicata* does not apply is its contention the July

29, 2024, hearing on the petition to *deny* pretrial release applied to Fulton County case No. 24-CF-147, and the petition to *revoke* pretrial release was filed in Fulton County case No. 23-CF-183. At the hearing on July 30, 2024, both the State and defense counsel stated the same.

¶ 24　　　　However, that is not what the record reveals. The petition to deny pretrial release expressly applies to case No. 23-CF-183. Although much of the case number at the top of the page is concealed by the Fulton County clerk's date stamp, the number "23" at the start of the case number is plainly visible and can only apply to case No. 23-CF-183. In the section for "additional grounds," the State expressly referred to the 2024 case. In addition, at the hearing on the petition to deny, the State's proffer concerned the aggravated-battery charge (Fulton County case No. 23-CF-183). The State pointed to the charges in case No. 24-CF-147 only as evidence of defendant's alleged threat to the community. Despite the position of the parties at the July 30, 2024, hearing, *both* the petition to detain and the petition to revoke were filed in just one case: Fulton County case No. 23-CF-183.

¶ 25　　　　We are confused by two back-to-back attempts to detain defendant, particularly when the July 29, 2024, petition was fundamentally flawed, as it far exceeded the statutory deadline for its filing. See 725 ILCS 5/110-6.1(c)(1) (West 2022) ("A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days."). The petition was also filed after defendant had been released on bail. We are not convinced, however, *res judicata* bars the State from seeking to revoke defendant's pretrial release.

¶ 26　　　　*Res judicata* prevents repetitive litigation and protects parties from bearing the burden of relitigating the same case. *Arvia v. Madigan*, 209 Ill. 2d 520, 533, 809 N.E.2d 88, 97 (2004). Under the doctrine of *res judicata*, "a final judgment on the merits rendered by a court of

competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Young v. Wilkinson*, 2022 IL App (4th) 220302, ¶ 34, 213 N.E.3d 486. The doctrine bars not just what was actually decided but all matters that could have been decided in the first action. *Id.* For the doctrine to apply, the party invoking the doctrine must establish three requirements: "(1) an identity of parties or their privies, (2) a final judgment on the merits rendered by a court of competent jurisdiction, and (3) an identity of cause of action." *Id.* ¶ 36. Defendant, as the party invoking the doctrine, bears the burden of proof. *Id.*; see *People v. Brooks*, 2024 IL App (4th) 240503, ¶ 29 ("[A]s an appellant, the defendant bears the burden of persuasion on review."). Our review of a *res judicata* claim is *de novo*. *Id.*

¶ 27    The Pretrial Fairness Act does not appear concerned with the prevention of repetitive visits to the issue of a defendant's pretrial detention. For example, the Code establishes the question of whether a defendant should be detained must be revisited each time the defendant subsequently appears before the circuit court. 725 ILCS 5/110-6.1(i-5) (West 2022). While defendant contends this provision only applies to *detained* defendants and no such provision exists regarding *released* defendants, we are not convinced the absence of that provision means an order releasing a defendant is final. Other provisions suggest otherwise. *Released* defendants are subject to petitions to revoke at any time. Unlike for petitions to deny pretrial release (see *id.* § 110-6.1(c)(1)), there is no provision limiting when a petition to revoke may be filed. See *id.* § 110-6; see also *People v. Conner*, 2024 IL App (4th) 240300-U, ¶ 27. And, while defendant argues a circuit court may not detain a defendant *sua sponte*, the revocation of pretrial release may be sought *sua sponte* by the court. 725 ILCS 5/110-6(a) (West 2022).

¶ 28    The provisions regarding the revocation of pretrial release cast serious doubt on defendant's bare assertion the decision granting him pretrial release was final. Without more,

defendant has not met his burden of proving the decision granting him pretrial release was final. *Wilkinson*, 2022 IL App (4th) 220302, ¶ 34 (stating a defendant must establish the judgment barring future litigation was final before *res judicata* will bar subsequent claims). He thus has not met his burden of proving *res judicata* applies.

¶ 29                                      III. CONCLUSION

¶ 30          We affirm the circuit court's judgment.

¶ 31          Affirmed.